NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN A. MATHEWS, | Civil Action No. 04-4033 (AET) |
| Petitioner, | |
| v. | **O P I N I O N** |
| ROY L. HENDRICKS, et al., | |
| Respondents. | |

**APPEARANCES:**

> STEVEN A. MATHEWS
> Tully II Halfway House
> 20 Toler Place
> Newark, New Jersey  07114
> Petitioner Pro Se

**THOMPSON, District Judge**

Petitioner Steven A. Mathews filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a decision of the New Jersey State Parole Board ("NJSPB") in 2000 denying parole and imposing a 10-year future eligibility term.  Because Petitioner was released on parole after the Petition was filed, this Court will summarily dismiss the Petition as moot and deny a certificate of appealability.

**I.  BACKGROUND**

Petitioner asserts the following facts in the Petition and exhibits.  On October 19, 2000, a two-member panel of the NJSPB denied parole and referred the matter to a three-member panel

to establish a future parole eligibility term on Petitioner's sentence of 30 to 99 years. On October 25, 2000, the three-member panel imposed a 120-month future parole eligibility term. Petitioner appealed and on June 23, 2003, the Appellate Division of the Superior Court of New Jersey affirmed. On January 21, 2004, the New Jersey Supreme Court denied Mathews' petition for certification.

On August 20, 2004, Petitioner filed the § 2254 Petition presently before this Court. Petitioner challenges the constitutionality of the decisions denying parole and imposing a 10-year future parole eligibility term.[1] On December 30, 2004, the NJSPB released Petitioner on parole to a halfway house. As a result, this Court issued an Order to Show Cause directing Petitioner to show why the Petition should not be dismissed as moot.

In his response to the Order to Show Cause, Petitioner asserts that the Petition is not moot because he satisfied the "in custody" requirement, insofar as he was incarcerated at the time his Petition was filed; he has taken all steps to have his claims promptly reviewed prior to his release and any delay was due to the failure of the New Jersey courts to issue a decision for five years; and he suffered collateral consequences from the wrongful denial of parole in 2000.

---

[1] The Petition challenges the decision on several grounds: the denial of parole was based on an unreasonable determination of the evidence in violation of due process; the NJSPB improperly relied on his failure to participate in programs which he had not been advised to participate in, in violation of due process and equal protection; the decision violated due process and equal protection because the NJSPB misapplied the facts; the decision violated the Ex post Facto Clause; the NJSPB violated due process by misapplying its own laws; the 10-year future eligibility term was arbitrary and capricious in violation of due process and equal protection; and the unforseeable application of law denied due process and equal protection.

## II.  DISCUSSION

A.  Mootness

A district court has subject matter jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A federal court has jurisdiction under § 2254 if two requirements are satisfied:  (1) the petitioner is "in custody" pursuant to a judgment of a State court, and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

In this case, Petitioner challenges the denial of release on parole and the imposition of a 10-year future parole eligibility date by the NJSPB in 2000.  It is undisputed that the NJSPB released Petitioner on parole on December 30, 2004.  Petitioner argues that the Petition is not moot, however, and he presents three arguments in that regard.  First, Petitioner asserts that his challenge to the denial of parole is not moot because  he was "in custody" at the time his Petition was filed and, although he was released on parole, parole satisfies the "in custody" requirement.  Petitioner is correct that he satisfied the "in custody" jurisdictional requirement under § 2254, insofar as he was "in custody" at the time he filed the Petition.  See Spencer v. Kemna, 523 U.S. 1 (1998).[2]  The question in this case is not whether Petitioner is "in custody" but whether his

---

[2] See also Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (the "in custody" requirement is satisfied where the petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed") (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

3

release on parole on December 30, 2004, caused his challenge to the denial of parole to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution. See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted). In this case, were this Court to rule in Petitioner's favor, there is no habeas relief that this Court could grant that would redress Petitioner's allegedly unconstitutional incarceration for the past five years. See Husovsky v. Lavan, 2004 WL 2316635 (E.D. Pa. 2004) (habeas petition asserting that state parole board denied parole based on a retroactive application of statutory amendments in violation of the Ex Post Facto Clause became moot when petitioner was paroled because case no longer presented a live controversy).

Petitioner further argues that the Petition should not be dismissed as moot because he has taken all steps to have his claims promptly reviewed prior to his release and Respondents should not be able to benefit from the five-year delay in the adjudication of his claims by the New Jersey

courts. To be sure, the Third Circuit has emphasized that "an appeal is not moot even though the appellant has been released from custody or has served his sentence if he has taken all possible steps to have the order of confinement promptly reviewed prior to his release." Lee v. Stickman, 357 F.3d 338, 343 (3d Cir. 2004) (citation and internal quotation marks omitted). However, the petitioner in Lee v. Stickman challenged his conviction, not the denial of parole. And it is established that an inmate's habeas challenge to a conviction does not become moot even when an inmate is released upon expiration of the sentence because "it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'" Spencer, 523 U.S. at 12 (quoting Sibron v. New York, 392 U.S. 40, 55 (1968)); see also Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). Moreover, in Spencer v. Kemna, the Supreme Court expressly refused to extend "the presumption of collateral consequences which is applied to criminal convictions . . . to revocations of parole." 523 U.S. at 8.

 Finally, Petitioner asserts that his habeas challenge to denial of parole and imposition of a 10-year future eligibility date by the NJSPB in 2000 is not moot because he suffers collateral consequences. Specifically, he asserts that "[a]s a consequence of his delayed release, petitioner's extended incarceration, inability to seek gainful employment or apply for release from parole due to satisfactory adjustment along with other tangible benefits has been denied." (Letter dated April 13, 2005, at 1-2.) However, because "the incarceration that he incurred as a result of [denial of parole in 2000] is now over, and cannot be undone," Spencer, 523 U.S. at 8, the consequences cited by Petitioner would not and could not be redressed by a favorable decision granting habeas relief. To avoid mootness, petitioner must show that he is presently subject to negative legal consequences due to the denial of parole in 2000, or that he is currently

5

suffering from an injury caused by the denial of parole in 2000 which can be redressed by a writ of habeas corpus. This he has not shown. See Husovsky, supra.

This Court is constrained by the Supreme Court's decision in Spencer v. Kemna to dismiss the Petition as moot. See Husovsky, supra. In Spencer, the Supreme Court held that a petitioner's habeas challenge to the wrongful termination of his parole became moot when he was released at the expiration of his sentence. The Supreme Court noted that, although the district court had jurisdiction when the habeas petition was filed because the petitioner was "in custody," the petitioner's "subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." Spencer, 523 U.S. at 7.

Like Spencer, the Petitioner here satisfied the "in custody" requirement because he was incarcerated when he filed his Petition. Petitioner's December 30, 2004, release on parole mooted his claim that the denial of parole in 2000 was unconstitutional. The Petition became moot when the NJSPB granted parole because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also Husovsky, supra. The Court will therefore dismiss the Petition as moot.[3]

---

[3] This Court is mindful that the Supreme Court recently determined that a § 2241 habeas petition brought by an inadmissible Mariel Cuban seeking release on the ground that the relevant statute did not authorize indefinite post-removal-period detention did not become moot when the petitioner was released on parole. See Clark v. Suarez Martinez, 125 S.Ct. 716, 621 n.3 (2005). In Suarez Martinez, the Court found that the case continued to present a live case or controversy under Article III because, even though the petitioner had been paroled, a favorable judgment in the habeas petition would still give relief to petitioner by preventing the government from revoking his parole in its discretion and indefinitely detaining him again. This case is
(continued...)

B.  Certificate of Appealability

This Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because Petitioner has not shown that jurists of reason would find it debatable whether this Court was correct in dismissing the Petition as moot.  See Slack v. McDaniel, 529 U.S. 473, 478 (2000).

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot and declines to issue a certificate of appealability.

s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated:   May 6, 2005

---

[3](...continued)
distinguishable because, unlike Suarez Martinez who challenged the statutory authority to detain him, given the unforseeability of his removal, Mathews does not challenge the State's power to detain him, but only a specific decision of the NJSPB in 2000 which allegedly denied parole in violation of the Constitution.  Once Mathews was released on parole, he got all the relief this Court could have granted.  See Nelson v. Campbell, 124 S.Ct. 2117, 2124 (2004) (damages are not available in a habeas proceeding).